UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CARLTON GENE JOYNER,

    Plaintiff,

v.   Case No. 4:23-cv-40-MW-MJF

RICKY D. DIXON, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff's first amended complaint, Doc. 21, the undersigned recommends that this action be dismissed for maliciousness, under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

### I. BACKGROUND

On January 19, 2023, Plaintiff, an inmate of the Florida Department of Corrections ("FDC"), commenced this action pursuant to 42 U.S.C § 1983. Doc. 1 at 1. His FDC inmate number is "300311" and his inmate number when he was

confined at Leon County Jail was "85430." Doc. 21 at 1; *see Joyner v. Campbell*, No. 4:09-cv-88-SPM-WCS, Complaint, ECF No. 1 at 1 (N.D. Fla. Mar. 6, 2009).[1]

In his first amended complaint, Plaintiff names five defendants: (1) Secretary of the FDC, Ricky D. Dixon; (2) Julian Hill; (3) Sergeant Harvey; (4) Sergeant Davis; and (5) Sergeant Perry. Doc. 21 at 1. Plaintiff alleges that Hill, Harvey, Davis, and Perry pepper-sprayed, punched, and hit Plaintiff in violation of the Eighth Amendment. Doc. 21 at 4–7. Plaintiff asserts that Dixon failed to properly train Hill, Harvey, Davis, and Perry and failed to enforce an FDC policy prohibiting the use of excessive force. *Id.* at 7–8. Rather than using the form provided by the clerk of the court, Plaintiff handwrote the entire complaint form, including the instructions and warnings found on the court-approved complaint form. *See generally id.* at 1–14.

## II. Discussion

### A. Screening of Plaintiff's Complaint

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc);

---

[1] Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

*see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see id.* § 1915(e).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915A(b)(1); *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (holding that dismissal of a prisoner-plaintiff's case for abuse of the judicial process under section 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under

penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**B.     Plaintiff's Disclosures**

Section VIII of the complaint form utilized by Plaintiff seeks information regarding his prior litigation. Doc. 21 at 9–12. The complaint form—which plaintiff copied verbatim by hand—expressly states: *"Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case." Id.* at 10. The complaint also advises that the prisoner "should err on the side of caution if [he is] uncertain whether a case should be identified." *Id.* The complaint form then asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issues involved in this case?
>
> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 10–12.

In response to Question B, Plaintiff responded, "No" and did not disclose any cases. *Id.* at 11. In response to Questions A and C, Plaintiff responded, "Yes." Although he did not have all of the relevant information, he disclosed that he had

filed two federal civil actions and appeals. Based on the information provided by Plaintiff, the undesigned identified the following cases:

- *Joyner v. Jones*, 4:13-cv-283-MW-CAS, Petition for Writ of Habeas Corpus, ECF No. 1 at 1 (N.D. Fla. May 13, 2013);

- *Joyner v. Jones*, No. 16-12353, Habeas Appeal, ECF No. 1 (11th Cir. May 12, 2016); and

- *Joyner v. Campbell*, 4:09-cv-88-SPM-WCS, Civil Rights Complaint, ECF No. 1 at 1 (N.D. Fla. Mar. 6, 2009).

*Id.* at 10, 12. Plaintiff also disclosed that he filed two state cases. *Id.* at 11. At the end of the complaint form, Plaintiff handwrote the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with form, including my litigation history, is true and correct." *Id*. at 12. Plaintiff then signed the document. *Id.* at 13. Thus, Plaintiff stated—under the penalty of perjury—that at the time he filed his first amended complaint, he had only filed three federal actions and two state actions.

C. **Plaintiff's Omissions**

The undersigned takes judicial notice that when Plaintiff filed his complaint, he failed to disclose two federal civil actions and appeal:

- *Joyner v. Inch*, 4:20-cv-337-MW-HTC, Petition for Writ of Habeas Corpus, ECF No. 1 (N.D. Fla. June 30, 2020). On September 17, 2020, the District Court dismissed the habeas appeal as an unauthorized successive habeas petition. *Id.*, ECF Nos. 7, 8.

- *In re: Carlton Joyner*, No. 20-14467, Emergency Application for Leave to File Successive Petition for Habeas Corpus, ECF No. 1 (11th Cir. Nov. 27, 2020). On December 8, 2020, the Eleventh Circuit denied Plaintiff's motion. *Id.*, ECF No. 2.

- *Joyner v. Kenny*, 4:07-cv-267-SPM-WCS, Civil Rights Complaint, ECF No. 1 at 1 (N.D. Fla. June 7, 2007). On October 23, 2007, prior to service of the complaint, the court dismissed the action. *Id.* ECF Nos. 9, 10.

These cases are attributable to Plaintiff insofar as they bear his FDC inmate number "300311" or his Leon County Jail inmate number "85430." Further, these cases were responsive to Questions A and C on the complaint form. Because he failed to disclose these cases, Plaintiff violated his duty of candor to the District Court. *See Kendrick*, 2022 WL 2388425, at *3 (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").

### D.   The Materiality of Plaintiff's Omissions

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the

> [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain. Requiring prisoner-plaintiffs to divulge their record of litigation serves all these compelling interests.

Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them"). The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. When courts cannot rely on the statements or responses made by

parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. He knew from reading the complaint form that he was required to disclose (1) all prior cases that were dismissed prior to service, (2) all prior cases and appeals that challenged the condition of his confinement, and (3) all habeas petitions and appeals that challenged his conviction. Doc. 21 at 10; *cf.* Doc. 19 at 9 (directing Plaintiff to "answer each question of the complaint, including those regarding his prior litigation history, honestly and accurately"). Indeed, the complaint form expressly warns prisoners: "[F]ailure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case." *Id.* at 10.

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward, easily understandable, and did not require a legal education to answer. *Daniels v. Culpepper*, No. 22-12805, ECF No. 9 at 3 (11th Cir. Apr. 12, 2023) ("[T]he litigation-history questions on the complaint form were simple, straightforward, and did not require a legal education to answer."); *Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions). Additionally, Plaintiff

could not have simply glossed over these warnings insofar as he **handwrote** the warning in his complaint.

To the extent he could not remember fully his litigation history or was unsure whether to disclose the omitted cases, Plaintiff could have indicated that on the complaint form. *See* Doc. 21 at 10 (advising prisoners to err on the side of disclosure if they are uncertain about disclosing cases). He did not. Rather, he affirmatively represented that he had **only** filed three federal civil actions and two state civil actions before commencing this action.

Further a claim that Plaintiff could not remember anything about his successive habeas petition and his application to file a successive habeas petition strains credulity because Plaintiff prosecuted these cases less than three years before commencing this current action. Regardless, Plaintiff "has an obligation to maintain information (or at least a list of case numbers) for all of his prior cases." *Mathews v. Westly*, No. 5:22-cv-85-TKW-MJF, Order Adopting Report and Recommendation, ECF No. 24 at 2 (N.D. Fla. Nov. 10, 2022). Indeed, Plaintiff was aware of this obligation insofar as in each of Plaintiff's cases filed in this district, the clerk of the court sent to Plaintiff a notice to "Pro Se Litigants," which explains, "You should keep one copy of all documents you file or receive in this case for your personal records." Doc. 4 ¶ 4; *Joyner v. Inch*, No. 4:20-cv-337-MW-HTC, ECF No. 2, Notice to Pro Se (sent on July 1, 2020); *Joyner v. Jones,* 4:13-cv-283-MW-CAS, ECF No.

2, Notice to Pro Se (sent on Apr. 14, 2013); *Joyner v. Campbell*, ECF No. 3, Notice to Pro Se (sent on Mar. 10, 2009); *Joyner v. Kenny*, 4:07-cv-267-SPM-WCS, Notice to Pro se, ECF No. 4 (sent on June 11, 2007).

Finally, even if he did not have the relevant information to answer each question truthfully and honestly, Plaintiff could have (and should have) "request[ed] it from the appropriate clerks' offices before filing a new case." *Mathews*, No. 5:22-cv-85-TKW-MJF, Order Adopting Report and Recommendation, ECF No. 24 at 2 (quoting *Bashir v. Meherg*, 2022 WL 4471965, at *1 (N.D. Fla. Sept. 26, 2022)); *see also* Fed. R. Civ. P. 11(a) (requiring a party to make a good faith investigation for any allegations or statements contained in pleadings filed with the court). "[I]t would make a mockery of the litigation history questions and the duty of candor owed to the Court if an inmate could simply blame his failure to truthfully answer those questions on his failing memory and the lack of resources provided by the jail or prison." *Mathews*, No. 5:22-cv-85-TKW-MJF, Order Adopting Report and Recommendation, ECF No. 24 at 3.

In short, there is simply no justification for Plaintiff's failure to disclose these cases and others. Accordingly, a penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of

prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E.      The Appropriate Sanction Is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[2] *See Rivera*, 144 F.3d at 731; *see also, e.g.*, *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

---

[2] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). The statute of limitations for claims under section 1983 brought in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). The alleged misconduct began on July 14, 2022. Doc. 21 at 4. Thus, the statute of limitations likely would not bar Plaintiff from refiling this action in the near future.

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff a second opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty.[3] *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.  **DISMISS** this case without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2.  **DIRECT** the clerk of the court to close this case.

---

[3] In Plaintiff's initial complaint, he did not disclose any of his prior civil cases. *See* Doc. 1 at 23–24.

At Pensacola, Florida, this 30th day of June, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**